1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ABDUL HOWARD,

                   Plaintiff,

    v.

STATE OF NEVADA, et al.,

                  Defendants.

Case No. 2:11-cv-01700-MMD-RJJ

ORDER

(Def.'s Motion for Summary Judgment – dkt. no. 20)

       Before the Court is Defendant Elsie Spell's Motion for Summary Judgment (dkt. no. 20). For reasons discussed below, the Motion is granted.

**I.    BACKGROUND**

       Pro se Plaintiff Abdul Howard is a former inmate of the Nevada Department of Corrections ("NDOC"). Plaintiff originally sued several NDOC administrators as well as the Board of Parole ("BOP") Commissioners and members of the Southern Desert Correctional Center ("SDCC") for violations of his Fourteenth Amendment due process rights. Howard's Complaint was screened by the Magistrate Judge (dkt. no. 6), and, after screening, only his Fourteenth Amendment due process claim against Defendant Spells remains. (*Id.* at 5.)

       Howard alleges that Ms. Spells, a release coordinator, informed him that he would only receive twenty-five dollars out of his inmate savings account upon his release. However, Plaintiff alleges that the balance in his savings account was $176.00 (dkt. no.

6 at 4-5),[1] and that depriving him of this money amounts to an unconstitutional deprivation of property under the Due Process Clause of the Fourteenth Amendment.

**II.    DISCUSSION**

      **A.    Summary Judgment Legal Standard**

      The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).  In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party.  *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

      The moving party bears the burden of showing that there are no genuine issues of material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In order to carry its burden of production, the moving party must either produce evidence

---

      [1]The Magistrate Judge's Screening Order states that Howard claims the NDOC deprived him of $176.00, but it appears as if Howard had $176.46 in his savings account, *see infra*.

1    negating an essential element of the nonmoving party's claim or defense or show that

2    the nonmoving party does not have enough evidence of an essential element to carry its

3    ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210

4    F.3d 1099, 1102 (9th Cir. 2000).   Once the moving party satisfies Rule 56's

5    requirements, the burden shifts to the party resisting the motion to "set forth specific

6    facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  The

7    nonmoving party "may not rely on denials in the pleadings but must produce specific

8    evidence, through affidavits or admissible discovery material, to show that the dispute

9    exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do

10   more than simply show that there is some metaphysical doubt as to the material facts."

11   *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The

12   mere existence of a scintilla of evidence in support of the plaintiff's position will be

13   insufficient." *Anderson*, 477 U.S. at 252.

14       **B.    Analysis**

15       42 U.S.C. § 1983 provides a mechanism for the private enforcement of

16   substantive rights conferred by the Constitution and federal statutes.  *Graham v. Connor*,

17   490 U.S. 386, 393-94 (1989).  Section 1983 "'is not itself a source of substantive rights,'

18   but merely provides 'a method for vindicating federal rights elsewhere conferred.'"

19   *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137,

20   144 n.3 (1979)).  To state a claim under § 1983, a plaintiff "must allege the violation of a

21   right secured by the Constitution and the laws of the United States, and must show that

22   the alleged deprivation was committed by a person acting under color of law."  *West v.

23   Atkins*, 487 U.S. 42, 48-49 (1988).

24       Here, it is clear that Defendant, a NDOC Officer, was acting under the color of

25   law. The remaining question is whether Defendant violated Howard's Fourteenth

26   Amendment right to due process by allegedly not paying him $176.46 upon his release

27   from prison.

28   ///

1    The Due Process Clause protects prisoners from being deprived of property

2  without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, (1974), and

3  prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d

4  728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable

5  under the Due Process Clause. [2]   *See Hudson v. Palmer,* 468 U.S. 517, 532 (1984)

6  (citations omitted).  An authorized deprivation is one carried out pursuant to established

7  state procedures, regulations, or statutes.  *Logan v. Zimmerman Brush Co.*, 455 U.S.

8  422, 436 (1982); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also*

9  *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

10    Defendant argues that no authorized deprivation occurred here because Plaintiff

11  in fact owed the NDOC money after valid deductions were made from Plaintiff's account

12  pursuant to state law.

13    NRS § 209.246 allows the Director of the NDOC to deduct money from an

14  inmate's credited account to repay the NDOC upon his or her release for certain items

15  and services provided to the inmate, including but not limited to clothing, transportation,

16  and medical care.  And NRS § 209.2475(2) states that "upon the release of an offender,

17  any money from any source remaining in an account of the offender may be used to

18  reimburse the Department for any expenses related to his or her release . . . ."  The

19  related regulation, Nevada Department of Corrections Administrative Regulation ("NDOC

20  AR") 258.01(1)(C)(e), holds that monies remaining in an inmate's savings account upon

21  release/parole "shall be paid to the inmate after all debts owed to the Department are

22  paid."

23

_____

24

25    [2]A government official's mere *negligent* act causing injury to life, liberty, or
property does not violate the Fourteenth Amendment.  *Bd. of Regents of State Colleges*

26  *v. Roth*, 408 U.S. 564, 577 (1972).  Moreover, "an unauthorized intentional deprivation of
property does not constitute a violation of the procedural requirements of the Due

27  Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy
for the loss is available."  *Hudson*, 468 U.S. at 533.  Therefore, where the state provides

28  a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute
actionable violations of the Due Process Clause.

1    Here, Howard signed and executed a Notification of Release document on

2   October 24, 2011, that showed the original balance in his savings account ($176.46), the

3   department charges ($245.42), the "JPay," that would be given to him ($25.00),[3] and

4   calculated the net inmate balance (-$68.96).  (Dkt. no. 20-4 at 2.)  Defendant argues that

5   these calculations demonstrate that Howard owes the NDOC $94.79, and that by signing

6   the Notification of Release, Howard understood this.  Important for the purposes of this

7   Motion is the fact that if Howard owes the NDOC $94.79, he can have no Fourteenth

8   Amendment claim for deprivation of $176.00.

9    Because Howard suffered no Fourteenth Amendment violation, the Court need

10   not reach Defendant's other arguments regarding qualified immunity or her personal

11   participation in the alleged wrongful property deprivation.

12   **III.    CONCLUSION**

13    IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment

14   (dkt. no. 20) is GRANTED.

15    DATED THIS 2nd day of October 2012.

16

17    _____

18    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

_____

27    [3]"JPay" is the travel per diem, which is calculated at the daily rate of $25.00 by the
number of days the inmate will be traveling.  NDOC AR 258 authorizes JPay as release
28   assistance funds the inmate receives upon release or parole.